Per Curiam.

Petitioner urges that the first count in his indictment was void, and that it did not charge a crime under Section 2905.01, Revised Code. The pertinent part of this count reads as follows:
it### Kenneth Sagar Clinger, also known as Sagar Clinger, unlawfully and forcibly and against the will of Brenda Parks raped or ravished Brenda Parks; she, Brenda Parks, then and there being a female person other than the daughter or sister *541 of him, the said Kenneth Sagar Clinger, also known as Sagar Clinger, and she being a female person over the age of twelve years, to-wit: of the age of fourteen years.”
Section 2905.01, Revised Code, upon which this count was based, reads:
“No person shall have carnal knowledge of any female person forcibly and against her will.
“Whoever violates this section shall be imprisoned not less than three nor more than twenty years.”
It is petitioner’s contention that the omission of the statutory words, “carnal knowledge,” voided his indictment. The purpose of an indictment is to inform an accused of the crime of which he is accused. Weaver v. Sacks, Warden, 173 Ohio St., 415. It may or may not be drawn in the words of the statute but is sufficient so long as it informs the accused of the crime of which he is charged. The indictment here charged that petitioner raped or ravished Brenda Parks. Rape is the unlawful carnal knowledge of a woman forcibly and against her will. Stephenson v. State, 35 Ala. App., 379, 48 So. (2d), 255; State v. Auld, 135 N. J. Law, 293, 51 A. (2d), 215; and Jackson v. Commonwealth, 193 Va., 664, 70 S. E. (2d), 322.
In other words, an allegation of rape constitutes an allegation of carnal knowledge.
Thus, an indictment which charges that an accused raped a female person charges him with having carnal knowledge of such female and is sufficient to charge a crime under Section 2905.01, Revised Code. Therefore, count one of petitioner’s indictment was valid.
Next, petitioner argues that under the affidavit filed by Brenda Parks there could not be both counts of rape and carnal-knowledge or statutory rape. It is his contention that rape could not be charged under the affidavit. The affidavit in a felony case is the preliminary process by which an accused is brought to the attention of the authorities. An accused in a felony case is not tried on the affidavit filed against him but upon the indictment as returned by the grand jury. The indictment is based not upon the affidavit but upon evidence presented to the grand jury. Thus, the fact that the indictment does not conform to the complaint made by the affidavit has no effect *542 on the validity of the indictment. See Dowell v. Maxwell, Warden, 174 Ohio St., 289.
Petitioner urges also that another man was indicted on an identical indictment based on the same occurrence, but that he was found guilty of only statutory rape, although petitioner was found guilty of forcible rape. These men were tried before different juries which assessed the guilt of each man individually. The fact that these juries differed does not affect the validity of petitioner’s conviction.
Petitioner states that the first indictment against him was quashed, and that a second identical indictment was returned and he was tried on this indictment which previously had been found fatally defective. The fact is that a joint indictment was returned charging petitioner and one Clifton DeMint with the crime. The court determined there was a misjoinder of parties and, under the provisions of Section 2941.28, Revised' Code, ordered the joint indictment to be severed into separate indictments, and a new number was given to petitioner’s indictment. The indictment was not quashed but severed.
Finally, petitioner contends that the prosecuting attorney has no right to elect as to which of two counts an accused shall be tried upon. No such election was attempted here. Petitioner was tried on both counts of his indictment, and the jury found him guilty on the first count and not guilty on the second count.
Petitioner has shown no deprivation of his constitutional rights.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, O’Neill, Griffith, Herbert and Gibson, JJ., concur.
Matthias, J., not participating.